INTER-MARITIME FWDG. CO., INC. *v.* UNITED STATES

No. 6215.—Invoices dated Hawick, Scotland, January 1943, etc.
   Certified February 1943, etc.
   Entered at New York, N. Y., March 23, 1943, etc.
   Entry No. 722704, etc.

(Decided August 29, 1945)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

COLE, Judge: In a written stipulation filed August 20, 1945, the parties have agreed that the issues involved in these appeals for reappraisement of wool wearing apparel are the same as those decided in *United States* v. *Alfred Dunhill of London, Inc.*, 32 C. C. P. A. 187, C. A. D. 305, and that the record in the said case be incorporated herein.

*United States* v. *Alfred Dunhill of London, Inc.*, *supra*, found cost of production, section 402 (f) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1402 (f)), to be the proper basis for appraisement, and held that the so-called British purchase tax described in the law of the United Kingdom entitled, "Finance (No. 2) Act, 1940 3 & 4 Geo. 6 Ch. 48," was not an item to be included in the "usual general expenses" contemplated within subdivision (2) of section 402 (f), *supra*, and therefore not to be calculated in determining such statutory value.

On the agreement of counsel that the several elements entering into the statutory cost of production of the items in question is equal to the appraised values thereof, less the additions made by the importer on entry because of advances by the appraiser in similar cases, I hold such values to be the cost of production, section 402 (f), *supra*, which I find to be the proper basis for appraisement, of the instant merchandise.

The foregoing conclusion applies to all merchandise covered by the appeals under consideration, except those items described on schedule "A," attached hereto and made a part hereof. As to the items enumerated on said schedule "A," the appeals, having been abandoned, are therefore dismissed.

Judgment will be rendered accordingly.